Burket, J.
The statute which governs the apportionment of the value of the rolling stock of a railroad among the several counties for purposes of taxation is section 2774, Revised Statutes. That section is as follows:
“Section 2774. The value of such property, moneys and credits, of any railroad company, as found and determined by such board, shall be apportioned by said board among the several counties through which such road, or any part thereof, runs, so that to each county and to each city, village, township and district, or part thereof therein, shall be apportioned such part thereof as shall equalize the relative value of the real estate, structures, and stationary personal property of such company therein, in proportion to the whole value of the real estate, structures, and stationary personal property of such railroad company in this state; and so that the rolling stock, main track, roadbed, supplies, moneys and credits of such company shall be apportioned in the same proportion that the length of snch road in such county bears t@ *602 the entire length thereof in all said counties or county, and to each city, village, and district, or any part thereof therein, provided that if the line of any railroad company is divided into separate divisions or branches, so much of the rolling stock of such company as belongs to or is used solely upon any one of such divisions or branches shall be apportioned in the same manner to the county or counties, and to each city, village and district, or any part thereof therein, through which such branch or division runs, and the board shall certify to the county auditor of each county, and to each city, incorporated village, township and district, or any part thereof therein interested, the amount apportioned to his county, and the board shall make and forward a like certificate together with all the reports of the various railroad officers, and other papers and evidence which formed the basis of their valuation, to the auditor of state, for the use of the state .board of equalization of railroad property. It shall be the duty of the county auditor, upon receiving the certificate aforesaid, to apportion the amount therein stated to the cities, villages, townships, districts, or parts thereof; but the auditor shall not put the same on the tax list until he shall have been advised of the action of said state authority, when the proper amounts shall be entered on the tax lists.”
It is conceded on all hands, and found by the master as a fact, that the railroad in question has a main line, a river division and a Tuscarawas branch, and that part of its rolling stock-is used solely upon the main line, part on the river division and part on the Tuscarawas branch, and the remainder of the rolling stock is used indiscriminately upon the whole road including the division and branch.
*603 The above section of the statute requires the board of appraisers to apportion to the main line the value of the rolling stock which belongs to, or is used solely thereon, and to the river division the value of the rolling stock which belongs to, or is .used solely upon that division, and to the Tuscarawas branch the value of the rolling stock which belongs to, or is used solely on that branch, and then to ascertain the value of the remaining rolling stock, the whole valuation being seven thousand dollars per mile, and distribute and apportion the value of this remaining rolling-stock among the counties according to - the number of miles of track in each, whether such track be main line, division or branch. The value of the rolling-stock which belongs to, or is used solely on the main line is required to be apportioned among the counties through or into which the main line passes according to the number of miles of such track in each county, and the same rule applies to the division and branch.
A division or branch cannot separately own any part of the rolling stock, because all the rolling stock is owned by the company; but it often occurs that a branch or division is constructed, equipped and financed by itself, and separate books and accounts kept of the earnings, running expenses, equipage, interest, bonds, etc., and in such cases the rolling stock, while owned by the company, is regarded as belonging- to such branch or division for operating purposes, and in such cases its value is required by said section 2774, to be apportioned to the counties through, or into, which the track of such branch or division passes, according to the number of miles of track in each county.
If there is no such separate construction, equipage or accounts, but still certain parts of the rolling- stock *604 are used solely upon such division or branch, the same result would follow as if such rolling stock, belonged in the above sense, to such division or branch. But if none of the rolling stock so belongs to any division or branch, and is not used solely thereon, then the whole value of the rolling stock upon the whole road is, by said section, required to be apportioned among all the counties according to the number of miles of track in each, whether main line, division or branch.
While it does not positively appear from the facts found by the master, that any injustice was done in the apportionment made by the board upon such percentage basis, it clearly appears that the apportionment was made upon a wrong and unlawful basis, and that in all probability injustice was done, as it is not likely that a correct result would arise from a wrong basis or method.
It is urged that the minutes of the meeting of the auditors is a record conclusive in its nature, and that proof cannot be received to show the real facts, as such proof would be contradicting the record. This claim is not tenable. In matters of taxation the real facts may be shown even though such facts add to or contradict the record of a taxing board. Lewis v. State ex rel., 59 Ohio St., 37; Hagerty v. Huddleston et al., 60 Ohio St., 149.
A writ of mandamus will therefore be awarded commanding the auditors of the several counties through, or into which said railroad passes, to reassemble and as a board apportion the valuation of seven thousand dollars per mile among said counties by the method and upon the basis, as required by said Sec. 2774 as above construed.

Writ of mandamus awarded.

Spear, Davis, Shauck and Price, JJ., concur.